Mr. Chief Justice Shamey
delivered the opinion of the court.
McClure and Saunders sued out an attachment against G. McCowan & Co., for the sum of $218, due on an open account. The attachment was levied on a lot of merchandise, found in a storehouse in Yicksburg, which was claimed by Mandel, as his property. . The plaintiffs filed their declaration against McCowan & Co., and at the same time tendered an issue to try the right to the property attached, in which Mandel joined. The parties proceeded to try the issue, on the trial of which the questions arose, on' which the case is brought to this court.
By the act of 1843, it is declared that the law in force in relation to claimants of property levied on under execution, shall be extended to claimants of property seized under an attachment. Hutch. Code, 820. The parties here then must stand as they would have stood, or as near as may be, if this property had been levied on by execution. In such cases, the burthen of proof lies upon the plaintiff in execution. What then must he prove? First, an execution; for without this he can have no right to subject the property; and second, a right of property in the defendant in execution, and when he does this he will be entitled to a judgment for the return of the property, so that it may be sold under his execution, or against the claimant and his sureties for its value, or for the amount of his judgment. Now apply this law in an attachment case; the plaintiff must first prove a right to subject the property, and then a right of property in the defendant in attachment. But the attachment itself does not give the right to sell the property. A judgment is necessary to give effect to the attachment lien. Edwards v. Toomer, Gay & Co., MS. He must first then show his judgment. Without *13 this he certainly cannot be entitled to a judgment against the claimant for his debt, or for the value of the property. His judgment against the debtor in attachment, must constitute the foundation of his right to a judgment against the claimant; for although his attachment may bind the property, yet it does nothing more; he cannot subject it to sale until he has recovered a judgment. Now what are the facts in this easel The plaintiff in attachment filed his declaration at April term, 1848, founded on an open account for $218 — at the same time he tendered an issue, which was tried at the same term, and he recovered a judgment for the property if to be had, if not for its value, which was $604, when in truth the plaintiff has not established a right to recover any thing. The court must have some proof of the validity of a claim before it can render judgment for it. The right to recover of the claimant must rest upon an established liability of the defendant in attachment, and here without having established such right, the plaintiff has a judgment against the claimant for nearly three times the amount claimed. The attachment suit is still pending; nothing has been done but to file a declaration ; the defendant may come in and plead, or the plaintiff may fail to prove his account, or he may fail to prove part of it, and thus be entitled to a judgment for part. The claimant is entitled to be exonerated, if he will discharge the judgment in attachment, but here he must surrender property worth three times the amount claimed, or pay that sum. The condition of a claimant is not unlike the condition of a garnishee, as to whom there must be a judgment against the defendant in attachment. Berry v. Anderson, 2 How. 649; Whitehead v. Henderson, 4 S. & M. 704; Ford v. Hurd, Ib. 683. This objection lies at the threshold of the case, and although not noticed by counsel, it is so glaring that we cannot overlook it. The evidence set out in the bill of exceptions is not sufficient in the absence of proof that there was a judgment on the attachment, to sustain the judgment on the issue. ■
Judgment reversed, and cause remanded.